Gholson, J.
The error assigned in this case is the refusal of the court to grant a new trial, upon the ground of a misdirection to *182 the jury. The code provides, as one of the causes for which a verdict shall be vacated and a new trial granted, “ error of law occurring at the trial, and excepted to by the party making the application.” Sec. 297, subd. 8. Another cause provided-in the same-section is, “ That the verdict, report, or decision is not sustained by sufficient evidence, or is contrary to law.” Subd. 6. If the error1 of law, occurring at the trial, be such as to make the verdict contrary to law, a new trial should be granted, though no exception was taken to the ruling of the court. It is evident, therefore, that, the cases intended to be reached by the eighth subdivision of section 297 are those in which a party, by taking an exception to a ruling of the court, is in a condition to attack the verdict upon a ground which does not involve an inquiry into the whole merits of the case. The errors of law, within the meaning of the eighth subdivision, embrace those occurring not only in the direction of the court to the jury, but in the admission or rejection of evidence. Instances very frequently occur in practice. Evidence is offered which is objected to as irrelevant; it is received, and an exception is taken. A charge is asked and refused, and an exception Mistaken. To make such exceptions available, so much of the evidence as is necessary to explain them, and no more, need be stated. Code, sec. 292. The court which, upon a proceeding in error, inquires into these exceptions, can only determine whether they should have been allowed or disallowed, and has nothing to do with the general merits of the case. Now, if the judge who presided at the trial becomes convinced that, in any such rulings to which an exception was taken, there was error in law, which in a court of eri'or would lead to a reversal of the judgment he might render on the verdict, it is both proper and convenient that he should be allowed to grant a new trial, and thus save the expense and delay of the application to a court of error. But, if no exception betaken, or an exception be not taken in such a manner as to be available in a court of error, the pxdnciple does not apply, and a new trial ought not to be granted, unless the justice of the case should so require. It would so require if the verdict was contrary to law; but every misdirection of the court, or error of law occurring at the trial, does not make the verdict contrary to law.
In New York, from the code of which state ours was to a considerable extent borrowed, the distinction to which we have referred, is stated, as between a motion for a new trial on a case and on a bill *183 of exceptions. Under the English practice, a motion for a new trial could not be made upon the bill of exceptions. The question upon the motion for a new trial always was, whether substantial justice had' been done. And we believe the practice was to require a party who relied upon a bill of exceptions, to go to the court of evror, or if he preferred being heard upon a motion for a new trial upon the ground of misdirection, to waive his bill of exceptions. It was not deemed proper, as a general rule, to allow the matter to be .twice heard.
The distinction between a motion for a new trial, upon a bill of exceptions or for error of law occurring at the *trial and on a case, or upon a full statement of all that occurred at the trial, is quite manifest. The distinction is between the demand of another trial ex debito justitice, on the ground of error appearing on the record, and the asking another trial to be granted in the discretion of the court, because injustice has been suffered. In the one case only the alleged matter of error is examined, and if found as alleged a venire de novo is awarded; in the other, all the facts and circumstances are considered, and a now trial is granted, as the discretion of the court may determine. Bank of Ireland v. Evans’ Trustees, 5 Ho. L. Cas. 389-405; Lord Trimlestown v. Kemmis, 9 Cl. & Fin. 749-770; Zeller v. Eckert, 4 How. 289, 297; Kinney v. Beverly, 2 Hen. & Munf. 313-327.
A party who claims a new trial upon points of law, irrespective of the justice and merits of the case, has no right to complain, if he is required, not only to take his exception at the proper time, but to procure the evidence of it required by law, and within the time which the law requires.
The code defines an exception to be “ an objection taken to a decision of the court upon a matter of law.” Sec. 290. “The party objecting to the decision must except at the time the decision is made, and time may be given to reduce the exceptton to writing, but hot beyond the term.” Sec. 291. “As to the propriety, nay, as to the absolute necessity of this rule, there can be no controversy. The whole matter should be closed, while all the facts and circumstances are fresh in the recollection of the counsel and the court. To postpone it to a subsequent term, would or might be a fruitful cause of error and mistake. But, even if there were doubt as to the policy of the rule, there can be no doubt as to the positive provisions of the law.” Hicks v. Person, 19 Ohio, 426, 437. And *184 yet, if upon a motion for a new trial, for the cause of error of law occurring at the trial, a continuance of that motion to a subsequent *term, will enable the court to reduce the exception to writing at such subsequent term, with precisely the same effect as if it had been done at the trial term, it is evident that the rule would have no positive or binding obligation, but might, in every case, be dispensed with at the pleasure, or in the discretion, of the court. We are satisfied that such was not the intention of the legislature. The court is not authorized to grant a new trial, for the causo of error of law occurring at the trial, unless excepted to by the party making the application, and if the exception be not reduced to writing during the term, in law there was no exception. The court has no power to dispense with this consequence, by a continuance of the motion for a new trial.
It may be said that the views we have stated are in conflict with the opinion of the court, in the case of Coleman v. Edwards, 5 Ohio St. 51. It. might suffice to say, that the code which now regulates our practico, did not apply to that case. And, certainly, since the code, it can not be claimed, as appears to have been held in that case, that a party is entitled to a new trial for a misdirection to the jury, although he took no exception. The only point which the code leaves in any doubt, is the one which has been considered, the effect of a continuance of the. motion for a new trial to dispense with the necessity of reducing the exception to writing during the term at which it is taken. But we do not desire to be understood as admitting that the code really made any substantial difference in the former law or practice as to granting motions for new trials. And we suppose that the act of March 12, 1845, in view of which the cases before cited, of Hicks v. Person, and Coleman v. Edwards, were decided, was not intended to affect the rules and practice of the inferior courts in granting or refusing new trials, but to aliow their action in such cases to be reviewed upon a bill of exceptions and writ of error. When the only ground for a new trial is a misdirection to the jury, not excepted to, and * therefore not available upon a proceeding in error, neither the court acting in the .first instance upon the motion, nor the court reviewing that action, can be bound to grant a new trial as a matter of right, when it is apparent that, notwithstanding an error in the direction of the court, real and substantial justice has been done. As before observed, a party who sits by during the charge *185 •of the court to the jury, and hears without objection an erroneous instruction, perhaps inadvertently given, and which upon a suggestion then made, would have been corrected, is not in a position to claim more than real and substantial justice, in view of all the evidence in the case and the rules of law applicable to that evidence. That this is the correct rule of practice in reference to new trials, is, we think, sustained by the authorities. Moore v. Tuckwell, 1 M. G. & S. 607; Hughes v. Hughes, 15 M. & W. 701; Brazier v. Clapp, 5 Mass. 1-10; Doe ex dem. Teynham v. Tyler, 6 Bingh. 561; McLanahan v. Universal Ins. Co., 1 Pet. 170-183; Gordon v. Graham, 8 Cl. & Fin. 107-119; Househill Coal and Iron Co. v. Neilson, 9 Cl. & Fin. 788.
The foregoing views are decisive of the present case. The only .ground for a now trial is an alleged misdirection to the jury. "We are not authorized to decide whether there was error in the direction the judge gave to the jury, because we have no evidence, which we can regard, that an exception was taken, and unless the error •of law was excepted to, that ground for a now trial can not be sustained. The judgment must therefore be affirmed.
Brinkerhoee, C. J.-, and Scott and Peck, JJ., concurred.